# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**DALE STOKELY,**

    **Plaintiff**

v.                                            **Civil Action No. _____**

**CSX TRANSPORTATION, INC.,**

    **Defendant**

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

## NATURE OF ACTION

1. The Plaintiff, DALE STOKELY, brings this action against the Defendant for violations of the Federal Rail Safety Act ("FRSA"), 49 U.S.C. Section 20109.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the FRSA, 49 U.S.C. Section 20109(d)(3).

## PARTIES

3. The Plaintiff is a natural person and citizen of St. Petersburg, Florida.

4. The Defendant CSX TRANSPORTATION, INC., ("CSX') is a railroad carrier located and operated in the state of Florida providing railroad transportation, with a usual place of business in the State of Florida. CSX's principal office address is 500 Water Street, Jacksonville FL 32202.

## **FACTS**

5.     Plaintiff, DALE STOKELY, was employed by CSX from May 5, 2002 to November 28, 2018, when he was terminated.

6.     Plaintiff was employed as an engineer with no set schedule. He could therefore be required to work the morning shift one day and the overnight shift the next.

7.     On the morning of October 17, 2018, after working more than ten hours of an overnight shift and his last shift being an evening shift, Plaintiff became too tired to continue safely operating the train as an engineer.

8.     Plaintiff so informed CSX that he was too tired to continue safely operating the train.

9.     CSX responded by charging Plaintiff with a workplace rule violation and terminating him.

10.    Under the collective bargaining agreement Plaintiff's union had with CSX, Plaintiff had a right to a hearing before he could be terminated.

11.    As a result of the actions of CSX, Plaintiff filed a claim under the Federal Railway Safety Act, 49 U.S.C. § 20109 with United States Department of Labor Occupational Health and Safety Administration against CSX.

12.    The Federal Railroad Safety Act ("FRSA") prohibits railroad carriers from "discharg[ing], demot[ing], suspend[ing], or in any other way discriminating against an employee for reporting, in good faith, a hazardous safety or security condition[.]" 49 U.S.C. § 20109(b)(1)(A). It also gives an employee the right to refuse to work when confronted by a hazardous safety or security condition related to the performance of the employee's duties. 49 U.S.C. § 20109(b)(1)(B).

13. Plaintiff engaged in protected activity when he reported to CSX that he was tired and it was unsafe for him to continue operating a train.

14. CSX took adverse action against the Plaintiff by terminating him.

15. Plaintiff's termination was a result of his engagement in protected activity.

## FRSA CAUSE OF ACTION

16. The Plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 15 of this Complaint with the same force and effect as if set forth under this cause of action.

17. The Plaintiff engaged in protected activity under the FRSA when he reported he was too tired to continue safely operating the train on October 17, 2018.

18. CSX had knowledge of all the protected activities referenced above.

19. CSX took adverse or unfavorable actions against the plaintiff in whole or in part due to his protected activities when it removed him from service and charged him with a "major violation" after he made management aware of a safety-sensitive and potentially dangerous situation that he was facing.  In so doing, the CSX acted with reckless disregard for the law and with complete indifference to the Plaintiff's rights under the FRSA.

20. On March 22, 2019, the Plaintiff filed a FRSA Complaint with the Secretary of Labor's OSHA Whistleblower Office.  That was within 180 days from the date the Plaintiff became aware of the CSX's intent to take adverse or unfavorable personnel action against him.

21. The Secretary of Labor has not issued a final decision within 210 days after the filing of the FRSA Complaint with OSHA. The delay was not due to any bad faith on the part of the Plaintiff.

22. Pursuant to Section (d)(3) of the FRSA, the Plaintiff has a statutory right to bring an original action in a United States District Court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. Section 20109(a)(4). On February 10, 2020, the Plaintiff informed the Region VI OSHA Whistleblower office of his intent to File Original Action.

23. Pursuant to FRSA 49 U.S.C. 20109(d)(3), the Plaintiff now is bringing this original action at law and equity for de novo review by the United States District Court Middle District of Florida, which Court has jurisdiction over this FRSA action without regard to the amount in controversy.

WHEREFORE, in order to encourage employees to freely report all injuries without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the Plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to:

A. Lost wages and pay benefits with interest;

B. Lost benefits with interest;

C. Compensatory damages for economic losses due to Defendant's conduct;

D. Compensatory damages for mental anguish and emotional distress due to Defendant's conduct;

E. The statutory maximum of punitive damages; and

F. Special damages for all litigation costs including expert witness fees and attorney fees.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

          WILKES & MEE, PLLC

By: */s/ Alisa D. Wilkes*
    Alisa D. Wilkes, Trial Counsel
    FL Bar No. 0081747
    13400 Sutton Park Dr. S. Suite 1204
    Jacksonville, FL 32224
    (904) 620-9545
    alisa@wilkesmee.com
    service@wilkesmee.com